**38 PAGES**

**Natasha Mora, Pro Se**          **Cesar Mora, Pro Se**
nmorarealestate@gmail.com    cmorarealestate@gmail.com
6389 Castejon Drive               6389 Castejon Drive
La Jolla, CA 92037                La Jolla, CA 92037
Phone: (858)539-6308             Phone: (858)539-6308

**Faizal Awadan, Pro Se**         **Shainaz Awadan, Pro Se**
fawadan@aol.com                  awadan@aol.com
1611 S. Mariposa Road            1611 S. Mariposa Road
Stockton, CA 95205               Stockton, CA 95205
Phone: (209)954-6537             Phone: (209)954-6566

Pro Se Plaintiffs: Natasha Mora; Cesar Mora; Faizal Awadan; Shainaz Awadan

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: <br> BULA DEVELOPMENTS, INC <br><br> Debtor. <br> _____ <br> NATASHA MORA; CESAR MORA; <br> FAIZAL AWADAN; AND SHAINAZ <br> AWADAN <br><br> Plaintiff(s) in Pro Se <br><br> v. <br><br> SBS Trust Deed Network; <br> Black Horse Capital Inc, and Fine Capital <br> et. al <br><br> DOES 1- 100 [INCLUSIVE] <br><br> Defendants | Adversary Proceeding Under Chapter 11 <br><br> Debtor Case No.: 23-24619 <br> Adversary Case No.: <br> Docket Control No.: NM-1 <br><br> **ADVERSARY PROCEEDING** <br> Against SBS Trust Deed Network; <br> Black Horse Capital and Fine Capital et. al <br> **Complaint for Injunctive Relief and Void Transfer** <br><br> 1. **INJUNCTIVE RELIEF UNDER 11 U.S.C. 105(a)** <br><br> 2. **SET ASIDE VOID TRANSFER** Under 11 U.S.C. §549, Due to Violations of *California Civil Code §2924m* (Violation of Plaintiff's Right to Bid/Right to Redemption) <br><br> 3. **SET ASIDE VOID TRANSFER** Under 11 U.S.C. §549, Due to Violations of *California Civil Code §2924k* (Failure to Resolve Senior Liens and Property Taxes; Failure to Transfer Clear Title) |

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 1 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 001

4. **PETITION TO VOID**
   Unlawful Detainer Judgment,
   Annul Writ of Possession, and
   **Rescind Writ of Execution Sheriff
   Lockout** Under Applicable Law

5. **REQUEST FOR
   WRIT OF ASSISTANCE**
   Under FRBP 7070

6. **INJUNCTIVE RELIEF
   UNDER SECTION 362(a)
   REQUEST FOR AUDIT AND
   STAY OF SALE**

7. **DECLARATORY JUDGEMENT AND
   ADDITIONAL RELIEF**

*

*

*

*

*

*

*

*

*

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 2 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 002

# TABLE OF CONTENTS

### ADVERSARY PROCEEDING Against SBS Trust Deed Network;
### Black Horse Capital and Fine Capital et. al

I.   **NATURE OF THE ACTION** …………………………………….. 5

II.  **JURISDICTION AND PROPER VENUE** …………………….……….. 6

III. **PARTIES** ……………………………………………………...…… 7

- Plaintiff's Status ……………………………………………........…… 8
- Defendant's Status ……………………………………………..…… 12

IV.  **STATEMENT OF RELEVANT LAW AND ALLEGATIONS**

    A.  Violations of Bankruptcy Law…………………………………........ 14

    B.  Violations of California Foreclosure Law……………………..…… 15

    C.  Financial Harm and Collusion  ……………………….………… 16

    D.  Chapter 11 Trustee's Fiduciary Breach ……………….………… 17

    E.  Summary of Allegations …………………………………… 18

V.   **BASIS OF REQUEST FOR INJUNCTIVE RELIEF** ………….…………… 19

VI.  **CAUSES OF ACTION**

- **FIRST CAUSE OF ACTION**  ……………………………………… 23

    **INJUNCTIVE RELIEF UNDER 11 U.S.C. 105(a)**

- **SECOND CAUSE OF ACTION** …………………………………… 25

    **SET ASIDE VOID TRANSFER** Under 11 U.S.C. §549,

    Due to Violations of  California Civil Code §2924m

    (Violation of Plaintiff's Right to Bid/Right to Redemption)

- **THIRD CAUSE OF ACTION**………………………………………… 27

    **SET ASIDE VOID TRANSFER** Under 11 U.S.C. §549,

    Due to Violations of California Civil Code §2924k

    (Failure to Resolve Senior Liens and Property Taxes; Failure to Transfer Clear Title

- **FOURTH CAUSE OF ACTION** ………………………………….…………31

    **PETITION TO VOID**

    Unlawful Detainer Judgment, Annul Writ of Possession, and

    **Rescind Writ of Execution Sheriff Lockout** Under Applicable Law

- **FIFTH CAUSE OF ACTION** ……………………………..…………… 32

    **REQUEST FOR WRIT OF ASSISTANCE**

    Under FRBP 7070

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 3 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 003

`t

- **SIXTH CAUSE OF ACTION**…………………………………..………………… 33
  **INJUNCTIVE RELIEF UNDER SECTION 362(a)**
  REQUEST FOR AUDIT AND STAY OF SALE
- **SEVENTH CAUSE OF ACTION**…………………………………..……………… 34
  **DECLARATORY JUDGEMENT AND ADDITIONAL RELIEF**

VII.   **PRAYER FOR RELIEF** ………………………………………………………....... 35

VIII.  **CONCLUSION** ……………………………………………….……….…... 37

*

*

*

*

*

*

*

*

*

*

*

*

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 4 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 004

# COMPLAINT FOR INJUNCTIVE RELIEF AND VOID TRANSFER

NATASHA MORA, CESAR MORA, FAIZAL AWADAN and SHAINAZ AWADAN, as Creditors, Equity Stakeholders and Plaintiffs, in the above-captioned adversary proceeding ("Plaintiffs"), in Pro Se, alleges for its complaint and claims for relief as follows:

## I.    NATURE OF THE ACTION

Plaintiffs have commenced this adversary proceeding in a critical effort to reverse the unlawful and void transfer of the property located at 6389 Castejon Drive, La Jolla, CA 92037 ("Subject Property"). Through a Trustee's Deed Upon Sale, recorded September 13, 2024, was transferred for a grossly undervalued and commercially unreasonable price of $972,836 and 51 cents, attached hereto as Exhibit 3, where the property is valued by a certified appraisal report in the amount of $18,034,000, attached hereto as Exhibit 5.

Plaintiffs, equity stakeholders and creditors, were unlawfully denied their statutory right to bid, asserted under California Civil Code §2924m, as shown in Exhibit 4, depriving them of their opportunity to protect their investment and the integrity of the bankruptcy proceedings.

**This transfer, executed without adherence to California foreclosure statutes and federal bankruptcy law, represents a systemic failure and a significant financial harm to both Plaintiffs and the estate.** Procedural violations, including the failure to resolve senior liens (including San Diego County Property Taxes) and the suppression of competitive bidding, have left a cloud over the title, unpaid estate debts and procedurally undermined the rights of all stakeholders and Creditors, to the detriment and insolvency of the estate.

This adversary proceeding seeks to obtain injunctive relief preventing the above-captioned defendant from enforcing the void transfer of property and relief from any and all subsequent enforcement of void actions.

ADVERSARY PROCEEDING
Against SBS Trust Deed Network;
Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer
PAGE 5 OF 38

Adversary Proceeding Doc Set 1 Complaint Page 005

**Plaintiffs bring this action to restore their rightful ownership, recover substantial equity losses, and reaffirm the legal protections guaranteed under California law and the Bankruptcy Code.** Through this proceeding, Plaintiffs seek to set aside the void transfer, quash subsequent legal actions, and hold Defendants accountable for the financial harm and statutory violations committed.

This complaint is supported by evidence, including:

- **Exhibit 1:** Trustee Sale Notice dated August 14, 2024, with occurrence of sale on August 26, 2024.
- **Exhibit 2:** Plaintiffs' Notice of Right to Bid under California Civil Code §2924m dated September 9, 2024.
- **Exhibit 3:** Copy of the Void Instrument recorded on September 13, 2024, titled the "Trustee's Deed Upon Sale Doc# 2024-0246585" in the amount of $972,836.51, signed by Colleen Irby of SBS Trust Deed Network on September 11, 2024.
- **Exhibit 4:** Notice of Right to Bid sent to Chapter 11 Trustee Dahl, confirming Plaintiffs' efforts to assert their statutory right to bid and redeem the property from the foreclosure sale, allowing the Plaintiffs to defend against the hijacking of their $9,500,000 in equity in the subject property and Debtor's estate.
- **Exhibit 5:** Certified appraisals showing the property's fair market value of $18,034,000 in 2022, upon project completion and the fair (and untainted) marketability of the property.

## II.   JURISDICTION AND PROPER VENUE

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) and (e) and 28 U.S.C. §157(b)(1). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B) and (O). Venue in this District is proper pursuant to 28 U.S.C. §1409.

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 6 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 006

This adversary proceeding is initiated under Rule 7001(7) of the Federal Rules of Bankruptcy Procedure and the relief requested herein may be ordered pursuant to Rule 65 of the Federal Rules of Civil Procedure, made applicable hereto through Bankruptcy Rule 7065 and Sections 105(a) and 362(a) of title 11 of the United States Code, 11 U.S.C. §§101-1532.

**Related Proceedings:** This proceeding is related to Debtor's bankruptcy proceeding in the Eastern District of California, case number 23-24619.

## III.    THE PARTIES

**Plaintiffs:**

Natasha Mora, Cesar Mora, Faizal Awadan, and Shainaz Awadan (collectively, "Plaintiffs") are deeply invested stakeholders in Bula Developments, Inc. ("Bula"), both financially and contractually. Plaintiffs hold significant equitable and financial interests in the property located at 6389 Castejon Drive, La Jolla, CA 92037. The Plaintiffs' contributions and obligations include:

- **Plaintiffs Faizal Awadan and Shainaz Awadan:** They personally loaned over $1,500,000 to the Debtor, injecting crucial capital for business operations and the creation of an asset valued over $18,000,000, benefiting both the estate and its shareholders. Their personal guarantees on this debt underscore their significant interest in the financial outcomes of these proceedings.

- **Plaintiffs Natasha Mora and Cesar Mora:** Natasha Mora and Cesar Mora: They provided pivotal services essential for developing the subject property to enhance the estate's equity, documented at $9,500,000 in the certified appraisal report (Exhibit 5), which values the property at $18,034,000. As principals, stakeholders, and creditors of Bula, the Moras' involvement ranged from initial startup activities to ongoing actions. They led the property's development and construction from groundbreaking in January 2020, navigating through challenges such as COVID-19 related delays and

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 7 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 007

inflation. The equity-based construction loan from the Defendants was sought out by the Plaintiffs in April 2022, while the property was in phase of final completion and had obtained the builder permit completion and certificate of occupancy. The financing sought out by the Plaintiffs was intended for landscape construction completion, as well as to provide for the equity based mortgage payments throughout the term of the loan, obtained by the Debtor, and personally guaranteed by the Plaintiffs, collectively. Plaintiffs allege that the loan agreements breached fiduciary obligations and were orchestrated by the Defendants in a manner designed to fail, facilitating a collusive foreclosure that would allow the Defendants, through illicit and abusive efforts, to orchestrate an invalid transfer, culminating in a commercially unreasonable sale for $972,836 and 51 cents.

Despite their significant investments and guarantees, the Plaintiffs' interests were systematically undermined by fraudulent schemes orchestrated by the Defendants, including bid chilling and the unlawful transfer of property. These actions caused substantial financial, physical, and emotional harm to the Plaintiffs and the estate, directly causing the Debtor's insolvency.

**Plaintiffs Status:**

- Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy code on December 26, 2023, and promptly retained Debtor's counsel within the first week of case filing. Debtor's Counsel, Gabriel Liberman, and Special Counsel Brian Andrews, were tasked with understanding the financial affairs of the Debtor, protecting the stakeholder's rights as both Equity Stakeholders and Creditors of the Debtor, and asserting claims against other Creditor's which have caused the direct deprivation, hindrance and delay of access to Debtor's equity, which led to the eventual insolvency and sale of the Debtor's primary asset.
- Prior to transacting with the Defendants, Plaintiffs owned a $9,500,000 in equity stake of the Debtor, where Plaintiffs loaned over $3,000,000 of Cash

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 8 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 008

and Services to the Debtor, in order for the Debtor to conduct its business operations and produce a property with substantial equity, strategically developed to its current size in order maximize the equity and thereby sustain the debt service of the project and any subsequent construction or repairs, until the property would be sold to an end user Bona Fide Buyer for fair market value of $18,034,000, per the certified appraisal report attached herein as Exhibit 5.

- Plaintiffs contend they and the Debtor are victims to a multi-million dollar predatory lending mortgage fraud scheme, in which the Defendants co-conspire to sell loans and secure equity stake in property which they intend to foreclosure upon once the "designed to fail" loan runs its course, only half way through the actual loan term, and well before the balloon payment becomes due.

- Plaintiffs were locked out from their property on January 8, 2024 at 9am, based upon a Sheriff's "Eviction Restoration Notice" dated January 8 at 6am, just three hours prior.

- Plaintiffs, Natasha Mora and Cesar Mora, were forcefully removed from their home of 2.5 years without due process in the Unlawful Detainer Court.

- Plaintiffs have contended the foreclosure transfer and sale to be a "Wrongful Foreclosure" since the transfer occurred. Plaintiffs were advised by Foreclosure counselor, Marc Steven Applebaum, to litigate the Wrongful Foreclosure in the Superior Court, as the matter pertains to State Law.

- Plaintiffs filed an Answer to the unlawful detainer complaint, just three days after receiving the complaint, in which Plaintiff's Answer would have enabled the right to due process to litigate the contested matters of the foreclosure transfer.

- Plaintiffs' right to due process was denied when the Plaintiff's Answer and filing was rejected by the Superior Court, due to a Stipulated Judgement being submitted by the Trustee Dahl.

- Trustee Dahl was informed of the violation of Plaintiff's right to bid.

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 9 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 009

- Trustee and Defendants were also aware of the Plaintiff's occupancy as a primary residence, per the disclosure provided on the 341 meeting of creditors.
- Plaintiffs contend they held a non-cash lease for the property management and maintenance of the property, which Debtor's counsel Liberman failed to disclose in the Bankruptcy schedules, despite the Debtor-In-Possession's disclosure offered during the meeting of the creditors.
- Plaintiffs attempted to assert their Notice of Claim to Right of Possession, per the procedures required by the Superior Court.
- Plaintiffs claim to possession was denied because the Defendant and Trustee Dahl misrepresented the status of the bankruptcy, enabling the Superior Court to believe the Bankruptcy was complete and the Plaintiff's are merely "guests" of the Trustee and are therefore "trespassing" upon Estate property.
- This false, misleading narrative perpetrated by the Defendants and Trustee have severely prejudiced the Plaintiffs and defamed their reputation in the court of law while hindering the Plaintiff's constitutional right to property and due process under the 5th and 14th Amendment of the Constitution of the United States.
- Since being forcefully removed from their home on January 8 at 9am, (based upon a VOID TRANSFER and improper notice of "Eviction Restoration"), the Plaintiffs have been burdened with the cost and distress of living in a hotel since January 8th, while all of their personal belongings remain hostage in the property, including all of the Plaintiff's personal clothing, medications, financial records, legal documentation and legal research related to all outstanding and pending litigation against the Defendants and other adversaries.
- Plaintiffs were forcefully removed from the home with nothing but the clothes they were wearing, a set of car keys and a cell phone.
- Plaintiffs computers, files, money, jewelry, firearms, ammunition, clothing, furniture, personal property and (non-Debtor) business equipment remain in the subject property in which the Plaintiffs were illicitly denied.

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 10 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 010

- Plaintiffs contend the Sherrif's lockout procedure was conducted in a manner of "surprise", in which the Eviction Restoration Notice was not served on the Plaintiffs prior to the lockout, but merely posted on the door _after_ forcefully removing the Plaintiff from the property and restricting access back to the property. Plaintiff Natasha Mora contends she was never at any point in time served a document titled "Restoration of Eviction Notice", dated and time stamped January 8, 2025 at 6am.

- Plaintiffs contend this _surprise_ lockout 'restoration' was executed out of malice and retaliation, as the Plaintiff Natasha Mora, by and through its counsel of record (in non-bankruptcy matters) Mr. Marc Steven Applbaum, filed suit on January 6, 2025, against Black Horse Fine Capital et. al, Walter Dahl, and the San Diego County Sheriff Kelly Martinez, alleging the deprivation of Plaintiff's Constitutional Rights and violations of the 5th and 14th Amendment, as pleaded in case number: 3:25-cv-00017-RBM-AHG in the Federal Court of the Southern District.

- Plaintiff was forced to include the Sheriff's Department in the complaint due to the Department's unilateral decision to deny Plaintiff's right to an automatic stay, afforded under Natasha Mora's Chapter 13 post-judgment automatic stay, as provided under 11 U.S.C. § 362(a)(3) by the certification, service and filing of Official Form 101A, "Initial Statement About an Eviction Judgement Against You" for the United States Bankruptcy Court.

- Plaintiffs, Natasha Mora and Cesar Mora, remain homeless due to the illicit lockout perpetrated by pattern and fact predatory lenders, and continue to litigate without access to their personal property and critical litigation files necessary to adjudicate this and other matters pertaining the Eastern District Bankruptcy Court, as well as other litigation matters, including the violation of Plaintiff's Civil Rights.

*

*

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 11 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 011

**Defendants:**

1. **Trustee Corporation:**

   - **S.B.S. Trust Deed Network, a California Corporation ("SBS Trustee")**
     - The foreclosure trustee alleged to have violated statutory requirements and bankruptcy law, and illegally recorded a Void Trustee Deed Upon Sale dated September 13, 2024.

2. **Transferee:**

   - **Black Horse Capital Inc,** a California Corporation, as to an [alleged] undivided 66.665% [or 6.667%] Interest and;

     **Fine Capital Investments Inc.,** a Delaware Corporation, as to an undivided 6.667% Interest and;

     **Daniel Benshimon,** a married man as his sole and separate property, as to an undivided 6.667% Interest and;

     **Todd Bernstein,** Trustee of TB Trust dated May 08, 1997, as to an Undivided 6.667% Interest and;

     **Karen Alweil,** a married woman as her sole and separate property, as to an Undivided 6.667% Interest and;

     **Love GMC Holdings, LLC,** a California Limited Liability Company as to an [alleged] undivided 6.667% [or 66.665%] Interest herein referred to as **("Black Horse and Fine Capital et. al").**

     - Six collusive lenders that sold the fraudulent transfer instrument to the Plaintiffs, who have illegally benefited from the unlawful, procedurally irregular and statutorily void transfer.
     - DOES 1-10, unidentified individuals involved in the procedural violations.

   **Defendants Status:**

   - Defendants, Black Horse Capital, Fine Capital Investments and four others are predatory "investors" who preyed upon the estate's insolvency in April/May of 2022, by using the Defendants' alter-ego mortgage/escrow corporation (Marquee Funding Group, Inc.) and his separate loan servicing

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 12 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 012

company (Platinum Loan Servicing, Inc), to orchestrate and loan service a 'design-to-fail' loan which was perpetrated to deprive the Debtor of it's $9,500,000 in equity by fraudulently conveying an equitable interest in the property through the Note and Deed of Trust, which was induced into contract by the Defendant's alter-ego "Construction Loan" origination company, Marquee Funding Group.

- The fraudulent conveyance of this secured title position enabled the Defendants to collusively assign the Deed of Trust to "SBS Trust Deed Network" to execute the fraudulent transfer under the guise of a "Trustee Deed Upon Sale", without adhering to statutorily defined regulations under Ca Civ Code Section 2924, which were passed into law to ensure equanimity in the foreclosure process and to guarantee a commercially reasonable sale price by strict adherence to the applicable laws.

- Defendant, Fine Capital Investments Inc., is single member entity owned by Mr. Scot Fine, who is also CEO of the mortgage brokerage company which induced a $165,000 commission from the Debtor, in exchange for the fraudulent loan which was designed to hinder, delay and deny the Debtor's $9,500,000 of equity in the subject property.

- Investigative research has led the Plaintiffs to acquire material knowledge of other real estate developers who have fallen victim to this mortgage lending scheme, in which the Plaintiffs have identified several other $20M - $25M new construction development homes being targeted by the Defendant Scot Fine and his various alter-ego entities, co-conspiring individual "investors", and Foreclosure Trustee, SBS Trust Deed Network.

- Using their $750,000 ($6,700 per month), designed to fail predatory loan, the Defendants', including the natural person as CEO of the mortgage company, hold a VOID title to the property, without adherence to California Civil Code Section 2924, which established the transfer is not simple voidable, but VOID on its face.

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 13 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 013

- Defendants have forcefully and unlawfully secured possession, by violation of Plainitffs' due process rights under causes of action for Wrongful Foreclosure and Wrongful Eviction.
- Defendants have illicitly stolen Plaintiff's personal property by violating state and federal stay protection and due process rights, acting in malice on a void transfer, as a matter of fact and law.

## IV.    STATEMENT OF RELEVANT LAW AND ALLEGATIONS

The Defendants carried out multiple illegal actions, including: (i) a foreclosure sale that failed to comply with statutory procedures, (ii) an unlawful property transfer, and (iii) subsequent measures based on this invalid transfer, such as improperly securing a Writ of Possession and Writ of Execution, and illegally "locking out" the Plaintiffs from their primary residence without following the due process required by Unlawful Detainer court procedures. These actions denied the Defendants their rights to Due Process and Property under the 5th and 14th Amendments of the U.S. Constitution, as well as the applicable provisions of the California State Constitution. These activities contravened California State Foreclosure Laws through insufficient disclosures and violations of due process. Such violations represent clear breaches of both state and federal laws intended to protect the rights of equity holders, creditors, and the integrity of the bankruptcy estate. The factual and legal violations detailed below lay the groundwork for the Plaintiffs' claims and support their causes of action.

### A. Violations of Bankruptcy Law

1. **Failure to Protect Estate Property (11 U.S.C. §549):**
   - The Trustee's Deed was issued post-petition without proper foreclosure procedure, violating 11 U.S.C. §549. This statute prohibits unauthorized transfers of estate property, and the purported "sale" of the Subject Property for $972,836.51—a small fraction of its certified appraised value of $18,034,000—was conducted without adherence to statutory requirements rendering the recorded document void.

ADVERSARY PROCEEDING
Against SBS Trust Deed Network;
Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer
PAGE 14 OF 38

Adversary Proceeding Doc Set 1 Complaint Page 014

2. **Avoidance of Fraudulent Transfers (11 U.S.C. §§544 and 548):**

   ○ Under §548, transfers made for less than reasonably equivalent value or with intent to defraud creditors are avoidable. The undervalued transfer of the Subject Property and suppression of competitive bidding reflect fraudulent intent and harm to creditors.

   ○ §544 grants the trustee the power to avoid transfers that violate applicable nonbankruptcy law, such as California foreclosure statutes.

**B. Violations of California Foreclosure Law**

1. **Denial of Statutory Bidding Rights (Ca Civ. Code §2924m):**

   ○ Plaintiffs submitted a valid Notice of Right to Bid, as evidenced by Exhibit 2, but were unlawfully denied their statutory 45-day opportunity to match or exceed the sale price of $972,836.51. This denial of Plaintiffs' statutory bidding rights directly contravenes California Civil Code § 2924m, which expressly protects a qualified bidder's opportunity to redeem the property. By suppressing Plaintiffs' ability to exercise their statutory rights, the foreclosure sale was conducted in violation of law and the transfer is therefore void.

2. **Unresolved Senior Liens and Tax Obligations (Ca Civ. Code §2924m):**

   ○ Under California Civil Code § 2924, foreclosure proceedings are required to deliver clear title to the purchaser. Docket Number 227, Creditor's Motion to File/Amend Claim after bar date for San Diego County Treasurer Taxes, filed 12/27/24, demonstrates that unresolved senior liens and property tax obligations were not addressed prior to the property transfer. This failure violates statutory requirements to ensure clear title, as underscored in *Bank of America v. La Jolla Group II (2005)* and *Dimock v. Emerald Properties LLC (2000)*. The existence of these unresolved obligations creates a "cloud on title," rendering the foreclosure sale legally void.

*

*

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 15 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 015

3.    **Improperly Documented Foreclosure:**

    ○   The foreclosure process was marred by significant procedural irregularities and documentation deficiencies, including mishandling of trustee substitutions and failure to comply with statutory requirements for bidding and lien resolution. California law mandates precise compliance with foreclosure protocols to protect all parties involved and ensure valid title transfers. Drawing on *Dimock v. Emerald Properties LLC (2000)* and *Little v. CFS Service Corp. (1987)*, improperly documented foreclosures and procedural noncompliance, such as the denial of Plaintiffs' statutory bidding rights and unresolved liens, render the foreclosure sale not just voidable but void. These violations demonstrate a failure to uphold statutory requirements under California Civil Code § 2924, substantively invalidating the foreclosure and property transfer.

The combination of unresolved liens, the denial of statutory bidding rights, and improper foreclosure documentation forms the foundation of Plaintiffs' claim. These violations highlight the procedural and substantive deficiencies that invalidate the foreclosure sale and demonstrate its illegality under California law.

**C. Financial Harm and Collusion**

1.    **Severe Undervaluation:**

    ○   The property, appraised at $18,034,000 (Exhibit 5), was sold for $972,836.51. This undervaluation deprived Plaintiffs and creditors of $9,500,000 of estate equity, reducing the bankruptcy estate's value.

2.    **Suppression of Competitive Bidding:**

    ○   Legal Notice sent to the Foreclosure Trustee ("SBS") and the Chapter 11 Trustee "Walter R. Dahl" (Exhibit 2 and 4) reveal the assertion of legal notice of the right and intent to bid, assuming the sale would be conducted in a commercially reasonable manner, in adherence to statutory and procedural requirements.

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 16 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 016

## D. Chapter 11 Trustee's Fiduciary Breach

The Chapter 11 Trustee, Walter Dahl, failed to intervene in the illegal and void transfer of property, despite the Plaintiffs' Notice of Right to Bid and clear statutory violations of California Civil Code §2924m. His advocacy for the continuation of the illicit transfer and subsequent actions constitutes a breach of his fiduciary duty as mandated under 11 U.S.C. §704(a), which requires the trustee to maximize the estate's value and protect creditor rights impartially.

Furthermore, Trustee Dahl has shown a bias against the Plaintiffs by actively intervening against their rights during the hearing of their Right to Claim and the due process requirements for the Plaintiffs to Answer the Unlawful Detainer Complaint Case Number 24UD012825C filed in the San Diego County Superior Court of California.

Despite being aware of the Eastern District Bankruptcy court's findings regarding malpractice in the administration of the bankruptcy estate and the incompetence of the Debtor's and Special counsels retained by the Plaintiffs, Dahl exhibited clear bias and favoritism for the Defendant's position as creditors and opposed the Plaintiffs' legal assertions, undermining their lawful Right to Possession. This deliberate hindrance in suppressing the Plaintiffs' rights are a violation of the Plaintiffs' rights to property and due process. This issue is central to a Federal Summons and Complaint against the Defendants Black Horse Capital and Fine Capital et. al, Trustee Walter Dahl, and the San Diego County Sheriff Kelly Martinez, filed in the 9th District Federal Court of the Southern District of California . The case, identified by case number 25-cv-00017 RBM-AHL and prosecuted by Attorney Marc Steven Applebaum, includes Exhibit 1 [Document Number 3-1 of 3, Filed 01/06/25] Declaration of Marc Applebaum, which provides expert testimony as officer of the court, contending that the "Plaintiff [Natasha Mora] was denied her due process rights under the 14th Amendment by all named defendants", including Black Horse and Fine Capital et. al, (Creditor of Debtor's Estate) and Walter R. Dahl (Chapter 11 Trustee).

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 17 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 017

**Complicity in Procedural Violations:** The trustee's negligence extends to ignoring statutory protections and allowing void transfers of estate property to continue, failing to ensure compliance with relevant state and federal laws and thus exacerbating the harm to both the Plaintiffs and the estate.

### E. Summary of Allegations

Defendants' and the Chapter 11 Trustee's actions violated both state and federal law by:

- Denying Plaintiffs their statutory rights under California Civil Code §2924m.
- Failing to act upon Legal Notice of statutory violations and failing to mitigate the unauthorized and undervalued transfer of estate property.
- Failing to resolve senior liens and property tax obligations, in violation of statutory requirements under California Civil Code §2924.6(b) and (c).
- Aiding and abetting the suppression of competitive bidding, and illicit transfer of estate property, resulting in significant financial harm to Plaintiffs and the insolvency of the bankruptcy estate.

These violations render the transfer legally void and necessitate judicial intervention to restore fairness, equity, and the integrity of the bankruptcy process. Plaintiffs seek remedies to address these injustices, as detailed in the following Causes of Action.

*

*

*

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 18 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 018

# V.  BASIS OF REQUEST FOR INJUNCTIVE RELIEF

Defendant's actions to transfer title illicitly based on the contravention of State foreclosure laws and Federal Bankruptcy laws, as alleged herein, are an effort to gain control of the Debtor's $9,500,000 of estate equity, transferred by the recordation of a Void Trustee's Deed Upon Sale on September 13, 2024, attached herein as Exhibit 3.

The Trustee's Deed Upon Sale, as structured by the Defendants in the amount of $972,836 and 51 cents is *commercially unreasonable* and has had a catastrophic effect for the Debtor's Chapter 11 proceedings and the resulting estate insolvency. The Trustee's Deed Upon Sale ignores State Law and foreclosure statutes, and was an attempt to hijack the Debtor's assets for the personal gain of the Defendants, who seek to commandeer the Estate's $9,500,000 in equity, through mortgage and foreclosure fraud, all to the extreme detriment of the Debtor, Debtor's estate, stakeholders and creditors.

Absent the injunctive relief sought herein from this Court, Plaintiffs and Debtor face an imminent threat of serious irreparable harm as described below:

## Imminent and Serious Irreparable Harm

1. **Severe Financial Harm**:
   - Plaintiffs have suffered the immediate and irreversible loss of $9,500,000 in equity in the Debtor's property due to the void transfer and wrongful foreclosure. This equity, strategically developed through substantial investment, represented the cornerstone of their financial portfolio.
   - Over $3,000,000 in cash and services invested by Plaintiffs into the Debtor's operations to sustain and develop this equity has been rendered unrecoverable, causing profound financial distress.
   - Plaintiffs are burdened with ongoing costs, including hotel expenses, as they remain homeless due to the unlawful eviction.

ADVERSARY PROCEEDING
Against SBS Trust Deed Network;
Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer
PAGE 19 OF 38

Adversary Proceeding Doc Set 1 Complaint Page 019

2. **Violation of Constitutional Rights**:
   ○ Plaintiffs' rights under the 5th and 14th Amendments have been flagrantly violated through the denial of due process in both the wrongful foreclosure and the subsequent eviction.
   ○ The rejection of Plaintiffs' Answer in the unlawful detainer proceeding, based on misrepresentations by Trustee Dahl and Defendants, deprived them of the opportunity to contest the foreclosure in a court of law.
   ○ Plaintiffs' procedural rights under 11 U.S.C. § 362(a)(3), which provides an automatic stay of eviction actions post-bankruptcy, were ignored, further compounding the harm.

3. **Loss of Possession and Personal Property**:
   ○ The surprise eviction executed on January 8, 2024, has deprived Plaintiffs of access to their primary residence of 2.5 years, leaving them without their personal belongings, including essential items such as clothing, medications, legal documentation, and business files.
   ○ Valuable assets, including computers, financial records, jewelry, firearms, furniture, and business equipment necessary for ongoing operations, remain unlawfully inaccessible.
   ○ Plaintiffs' belongings remain "hostage" within the property, creating a compounded sense of personal and professional disruption.

4. **Professional and Reputational Damage**:
   ○ Plaintiffs, as respected real estate developers and experts, have suffered reputational harm due to publicized mischaracterizations stemming from the wrongful foreclosure and eviction.
   ○ The portrayal of Plaintiffs as "trespassers" rather than rightful occupants has damaged their credibility within the real estate and broader business communities, hindering future opportunities.

5. **Obstruction of Legal Proceedings**:
   ○ The loss of access to critical legal documentation and research files has significantly impaired Plaintiffs' ability to litigate ongoing cases, including this matter and other related actions.

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 20 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 020

○ Plaintiffs' efforts to assert their rights, including filing a Notice of Claim to Right of Possession and initiating federal litigation (Case No. 3:25-cv-00017-RBM-AHG), have been undermined by Defendants' and Trustee Dahl's misrepresentations and procedural misconduct.

6. **Harm to Stakeholders and Estate**:
   ○ The improper transfer and undervalued sale of the property have resulted in substantial harm to the estate, depriving creditors and equity stakeholders of fair recovery.
   ○ Plaintiffs' eviction and the property's mismanagement by Defendants further diminish the value and potential recovery for all involved parties.

7. **Emotional and Psychological Distress**:
   ○ The sudden and hostile eviction has caused Plaintiffs immense emotional trauma, exacerbated by the denial of access to their home, belongings, and basic necessities.
   ○ Ongoing uncertainty regarding their living situation and legal rights contributes to significant psychological strain.

8. **Improper Conduct and Retaliatory Actions**:
   ○ The timing and execution of the eviction suggest retaliatory motives, as it occurred shortly after Plaintiffs filed a federal lawsuit against the Defendants and Trustee Dahl.
   ○ The "surprise" nature of the lockout, without prior service of the Eviction Restoration Notice, underscores malice and a disregard for Plaintiffs' rights.

9. **Broader Market Implications**:
   ○ The wrongful foreclosure and eviction undermine trust in local real estate practices, setting a dangerous precedent that discourages investment and disrupts market stability.
   ○ Plaintiffs' removal as stewards of the property directly impacts its management and value, further compounding the harm.

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 21 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 021

## Urgent Need for Relief

These compounded harms, including financial devastation, constitutional violations, reputational damage, and personal hardship, necessitate immediate court intervention to prevent further irreparable harm.

Accordingly, described above, Defendants actions have deprived the Plaintiffs of their right to title and possession of the property, where the estate has been fatally damaged because the subject property as the estate's primary and valuable asset, with $9,500,000 in equity, has been transferred out of the estate, in contravention of State and Federal laws. This void transfer has irreparably damaged the Debtor's Chapter 11 adjudication plan and debt reorganization and/or discharge efforts have been severely jeopardized, if not eliminated, the Debtor's and Plaintiff's ability to conduct business and generate a sale from a bona fide purchaser, as was the Debtor-In-Possession operations, until unjustifiably halted by the Chapter 11 Trustee. This void transfer and loss of possession of the subject property has destroyed any chance of the Debtor's ability to sell the asset to a bona fide third-party purchaser, or any other financially capable and qualified bidder for the fair market value, as certified by various appraisal reports, for the benefit of the estate and law abiding Creditors.

Plaintiffs respectfully request the court to void the wrongful foreclosure, restore their possession of the property, and provide remedies for the harm inflicted by Defendants and Trustee Dahl.

*

*

*

*

*

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 22 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 022

# VI.  CAUSES OF ACTION

## FIRST CAUSE OF ACTION: INJUNCTIVE RELIEF
### Under 11 U.S.C. §105(a)

1. The allegations contained in each of the foregoing paragraphs are repeated and realleged as though fully set forth herein.

2. Section 105(a) of the Bankruptcy Code authorizes the court to issue "any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Relief under § 105 is particularly appropriate where it would assist the debtor adjudicate legal matters to confirm a plan of reorganization and/or preserve property of the debtor's estate.

3. Debtor has a reasonable likelihood of reorganization and/or to sell its primary business asset upon the adjudication of the legal matters alleged herein. Plaintiffs are prepared to adjudicate matters affecting the estate in Pro Se, and are aware of the costs they intend to bear in order to retain expert witnesses for the adjudication of the matters alleged herein.

4. There is real irreparable harm being causing to the Debtor and Plaintiffs in the absence of the requested injunction as the injunction will preserve the value of the Debtor's primary asset, with $9,500,000 in equity, which was illicitly transferred to the Defendants by the recordation of a **void** Deed Upon Trustee Sale, in which the Trustee Sale violates California Civil Code Sections 2924m and 2924k, among other statutory violations to be alleged upon further discovery of admissible evidence.

5. Debtor relies entirely on the revenue from the sale proceeds of the subject property to fund the costs and expenses incurred over the past four years of the debtor's business operations. Without *commercially reasonable* sales proceeds and revenues, Debtor's Chapter 11 efforts will fail.

6. The balance of hardships weighs strongly in favor of the Plaintiffs and Debtor. The necessity of the requested relief to protect Debtor and its Chapter 11 proceeding far outweighs whatever harm, if any, Defendant may experience in a mere delay in its ability to pursue remedies against Debtor and/or Plaintiffs. Given the destruction of

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 23 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 023

value that would result if Defendant is permitted to hold title to $9,500,000 of equity, by way of a **<u>void</u>** Deed of Trust, and to allow the Defendants to continue to effectuate legal proceedings predicated on this void instrument, including the surprise "Sheriff Lockout" and wrongful eviction of the Plaintiffs, as property managers and primary residents of the property for over 2.5 years.

7. The injunctive relief requested herein will also serve the public interest by furthering Debtor's successful reorganization and/or sale of the asset to a third party bona fide purchaser, which will allow for the Debtor's successful reorganization and recoveries for Debtor's creditors.

8. The injunctive relief requested herein will further serve the public interest by bringing to light the egregious abuse of law and contravention of State and Federal legal procedures. The Plaintiffs allege the Defendants, by and through their subsidiary companies, are serial mortgage fraud and foreclosure con artists, operating as a faction which has enabled them to streamline their systemic fraud for over the past two decades, in a manner which is undetectable to a layperson borrower. The Defendant's methods of egregious conduct and real estate licensee malpractice and has been clearly identified by the Plaintiffs, due to their personal knowledge of the Debtor's business operations, in conjunction with the Plaintiffs' decade of experience as a real estate professional.

\*

\*

\*

\*

\*

\*

\*

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 24 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 024

## SECOND CAUSE OF ACTION: SET ASIDE VOID TRANSFER

Under 11 U.S.C. §549,

*Due to Violations of California Civil Code §2924m*

(Violation of Plaintiff's Right to Bid/Right to Redemption)

9. The allegations contained in each of the foregoing paragraphs are repeated and realleged as though fully set forth herein.

**Legal Basis:**

10. California Civil Code § 2924m provides critical protections for stakeholders, including equity holders and certain lessees occupying residential real property. Section 2924m ensures these individuals have a statutory right to bid on foreclosed properties for a period of 45 days following the trustee's sale. Under §2924.6(c), "residential real property" includes any real property containing one to four housing units, encompassing the property in question.

11. Plaintiffs, as equity holders occupying the property as their primary residence, fall squarely within the protections afforded by § 2924m. Defendants had material knowledge of Plaintiffs' occupancy status, as confirmed by their testimony under oath during the Debtor's 341 Meeting of Creditors. Plaintiffs provided legal notice of their intent to exercise their statutory right to bid under § 2924m but were unlawfully denied the opportunity to redeem the property within the statutorily mandated 45-day period.

12. Failure to comply with these statutory obligations invalidates the foreclosure sale and renders the Trustee's Deed Upon Sale void as a matter of law.

**Case Precedent Supporting the Voidness of the Transfer:**

13. **Bank of America v. La Jolla Group II, 129 Cal. App. 4th 706 (2005)**
    - Establishes that foreclosure sales conducted without affording proper notice or bidding opportunities are legally invalid. A trustee's failure to meet statutory requirements undercuts the sale's validity, creating a void transfer.

ADVERSARY PROCEEDING
Against SBS Trust Deed Network;
Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer
PAGE 25 OF 38

Adversary Proceeding Doc Set 1 Complaint Page 025

14. **Little v. CFS Service Corp., 188 Cal. App. 3d 1354 (1987)**
    - Reinforces that noncompliance with statutory prerequisites for foreclosure sales renders those sales void, not merely voidable. Denying a party's legal right to redeem or bid invalidates the entire foreclosure process.

**Evidence Supporting the Voidness of the Transfer:**

15. **Exhibit 1:** Trustee Sale Notice dated August 14, 2024, with occurrence of sale on August 26, 2024.

16. **Exhibit 2:** Plaintiffs' Notice of Right to Bid under California Civil Code §2924m, dated September 9, 2024.

17. **Exhibit 3:** Recording of the Trustee's Deed Upon Sale dated September 13, 2024, in the amount of $972,836, disregarding Plaintiff's legal right to redeem the Defendant's "credit bid".

18. **Exhibit 5:** Certified appraisals showing the property's fair market value of $18,034,000 (2022), demonstrating the commercial unreasonableness of the foreclosure sale price.

**Argument:**

**Defendants' Violation of California Civil Code § 2924m**

19. Defendants failed to comply with the 45-day extension under § 2924m, which explicitly protects equity holders and occupants' rights to bid on foreclosed properties. Plaintiffs, as occupants and equity holders of the residential property, were entitled to exercise this right. By disregarding Plaintiffs' notice of intent to bid, Defendants directly violated § 2924m, rendering the foreclosure sale invalid.

**Denial of Statutory Redemption Rights**

20. The foreclosure sale for $972,836—a fraction of the appraised value of $18,034,000—occurred without allowing Plaintiffs to redeem the property by matching the lender's credit bid. The failure to provide Plaintiffs with their

ADVERSARY PROCEEDING
Against SBS Trust Deed Network;
Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer
PAGE 26 OF 38

Adversary Proceeding Doc Set 1 Complaint Page 026

statutorily guaranteed redemption period undermines the integrity of the sale and constitutes a fundamental procedural defect.

**Commercial Unreasonableness of Sale Price**

21. California law requires foreclosure sales to be conducted in a commercially reasonable manner. The extreme disparity between the sale price ($972,836) and the certified appraised value ($18,034,000) highlights the unreasonableness of the foreclosure process. This disparity further supports the conclusion that the sale violated both statutory protections and public policy favoring fairness in foreclosure proceedings.

**Void Nature of Subsequent Actions**

22. The subsequent unlawful detainer and writ of possession proceedings were predicated on the validity of the foreclosure sale. Because the sale was conducted in violation of California Civil Code § 2924m, it is **void *ab initio***. Any legal actions or transfers that rely on this defective foreclosure sale are similarly void and without legal effect.

23. **Relief Sought:** Plaintiffs request an order declaring the foreclosure sale void for violations of California Civil Code §2924m, restoring title to the Subject Property to the Debtor, and awarding damages to the Plaintiffs for financial harm incurred due to Defendant's unlawful actions.

---

\*

\*

\*

\*

\*

\*

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 27 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 027

## THIRD CAUSE OF ACTION: SET ASIDE VOID TRANSFER

### Under 11 U.S.C. §549, Due to Violations of California Civil Code §2924k

(Failure to Resolve Senior Liens and Property Taxes; Failure to Transfer Clear Title)

24. The allegations contained in each of the foregoing paragraphs are repeated and realleged as though fully set forth herein.

**Legal Basis:**

25. Under 11 U.S.C. § 549, a transfer of property of the bankruptcy estate that violates state law is unauthorized and may be avoided by the bankruptcy trustee or the bankruptcy court. California Civil Code § 2924k(a) establishes the statutory framework governing the distribution of proceeds from foreclosure sales:

26. California Civ. Code § 2924k(a)(1): Proceeds must first be applied to foreclosure expenses, including trustee fees and other associated costs.

27. California Civ. Code § 2924k(a)(2): The remaining proceeds must be used to satisfy the secured obligation under the deed of trust or mortgage being foreclosed upon.

28. Crucially, any outstanding senior encumbrances, including county property taxes, remain obligations of the property unless expressly resolved as part of the foreclosure process. A failure to address these obligations creates a "cloud on title" and renders the foreclosure sale void under California law.

**Violation of California Civil Code § 2924k**

29. In this case, the lender's full credit bid of $972,836.51 was made without addressing outstanding senior liens, including county property taxes, in violation of California Civil Code § 2924k(a)(2). As a result:

**Unresolved Encumbrances Create a Cloud on Title:**

30. The failure to satisfy or address senior obligations at the time of the foreclosure sale directly violates the statutory requirements of § 2924k(a)(2). According to *Bank of America v. La Jolla Group II (2005)*, unresolved senior liens and property taxes

---

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 28 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 028

create a "cloud on title," invalidating the foreclosure sale and rendering the transfer void.

**Failure to Deliver Clear Title:**

31. A fundamental requirement of nonjudicial foreclosure sales in California is the delivery of clear title. The trustee's deed conveyed a title burdened with senior encumbrances, which violates § 2924k and undermines the validity of the foreclosure process.

**Void Sale Due to Procedural Deficiencies:**

32. California courts have consistently held that foreclosure sales failing to comply with statutory requirements are void, not voidable. As stated in *Dimock v. Emerald Properties LLC, 81 Cal. App. 4th 868 (2000)*, such procedural deficiencies deprive the trustee of the authority to conduct a valid sale.

**Procedural Irregularities**

33. The foreclosure sale of the subject property suffered from the following critical procedural flaws:

**Failure to Satisfy Senior Liens:**

34. The trustee failed to account for or resolve senior obligations, including property taxes, before executing the Trustee's Deed Upon Sale, violating § 2924k(a)(2). These unresolved obligations create a cloud on title that invalidates the transfer under California law.

**Commercially Unreasonable Sale Price:**

35. The foreclosure sale resulted in a transfer for $972,836.51, which is grossly disproportionate to the property's appraised fair market value of $18,034,000 (per the 2022 certified appraisal report). This disparity underscores the commercial unreasonableness of the sale and the failure to comply with statutory requirements.

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 29 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 029

**Case Precedent Supporting the Voidness of the Transfer:**

36. **Bank of America v. La Jolla Group II (2005):**
    - Outstanding senior liens and property taxes create a "cloud on title," rendering a foreclosure sale legally void.

37. **Dimock v. Emerald Properties LLC, 81 Cal. App. 4th 868 (2000):**
    - Procedural violations of foreclosure statutes result in void, not voidable, transfers.

38. **Smith v. Allen, 68 Cal. App. 2d 712 (1945):**
    - Senior encumbrances survive foreclosure sales unless explicitly satisfied as part of the sale process.

39. The combination of unresolved liens, the denial of statutory bidding rights, and improper adherence to statutory procedures forms the foundation for cause to set aside the void transfer of the Debtor's primary asset, transferred by the commercially unreasonable and procedurally irregular sale price of $972,836.51, where the property was valued at $18,034,000 per the certified appraisal report in 2022.

40. The preponderance of evidence supports the Plaintiffs' allegations of statutory violations of California Civil Code Section 2924k, and highlights the procedural and substantive deficiencies that invalidate the foreclosure sale and demonstrate the transfer to be **void as a matter of law.**

**Evidence Supporting the Voidness of the Transfer:**

41. **Exhibit 3:** September 13, 2024 Recording of the Trustee's Deed Upon Sale signed and dated September 9, 2024 by Colleen Irby of Defendant SBS Trustee Deed Network, documenting a sale price of $972,836 and 51 cents.

42. **Exhibit 5:** Certified appraisals showing the property's fair market value of $18,034,000 in 2022, evidencing a gross disparity between the sale price and the property's actual value.

ADVERSARY PROCEEDING
Against SBS Trust Deed Network;
Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer
PAGE 30 OF 38

Adversary Proceeding Doc Set 1 Complaint Page 030

**Argument:**

43. The foreclosure sale failed to comply with California Civil Code § 2924k(a)(2) by neglecting to resolve senior liens and property taxes, leaving unresolved encumbrances that created a cloud on title. Under *Bank of America v. La Jolla Group II*, such failures render the foreclosure sale legally void.

44. Moreover, the transfer violated the Bankruptcy Code by constituting an unauthorized disposition of estate property post-petition. The trustee's deed, delivered without resolving senior encumbrances, failed to satisfy the statutory requirements necessary to transfer clear title, further invalidating the transfer under both state and federal law.

45. **Relief Sought:** Plaintiffs request an order declaring the Trustee's Deed void under California Civil Code §2924k and 11 U.S.C § 549; and restoring title to the Subject Property to the bankruptcy estate.

---

*

*

*

*

*

*

*

*

*

*

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 31 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 031

## FORTH CAUSE OF ACTION: PETITION TO VOID

Void Unlawful Detainer Judgment, Annul Writ of Possession, and

Rescind Writ of Execution **(ACTIVE SHERIFF LOCKOUT)**

Under applicable Federal and State Law

46. The allegations contained in each of the foregoing paragraphs are repeated and realleged as though fully set forth herein.

**Legal Basis:**

47. California Code of Civil Procedure prohibits reliance on void instruments, and the actions taken to enforce possession through unlawful detainer and the writ of possession lack a valid legal foundation because they are predicated on a void transfer.

**Evidence:**

48. **Exhibit 3:** September 13, 2024 Recording of the Trustee's Deed Upon Sale signed and dated September 9, 2024 by Colleen Irby of Defendant SBS Trustee Deed Network, documenting a sale price of $972,836 and 51 cents.

49. **Exhibit 4:** Notice of Right to Bid sent to Chapter 11 Trustee Dahl, confirming Plaintiffs' efforts to assert their statutory right to bid and redeem the property from the foreclosure sale, allowing the Plaintiffs to defend against the hijacking of their $9,500,000 in equity in the subject property and Debtor's estate.

**Argument:**

50. The Writ of Possession and related Unlawful Detainer Actions are based on a void Trustee's Deed Upon Sale recording and actions taken in violation of California statute. These actions lack legal foundation and must be quashed to prevent further harm to Plaintiffs and uphold the integrity of the bankruptcy process.

51. **Relief Sought:** Plaintiffs request quashing the Writ of Possession and dismissal of all related Unlawful Detainer Actions.

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 32 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 032

# FIFTH CAUSE OF ACTION: REQUEST FOR WRIT OF ASSISTANCE

## Under FRBP 7070

52. The allegations contained in each of the foregoing paragraphs are repeated and realleged as though fully set forth herein.

**Legal Basis:**

53. Courts have equitable authority to issue writs of assistance under Federal Rule of Bankruptcy Procedure 7070 to restore lawful possession and ownership rights.

**Evidence:**

54. **Exhibit 2:** Plaintiffs' Notice of Right to Bid under California Civil Code §2924m.

55. **Exhibit 3:** Recording of the Trustee's Deed Upon Sale dated September 13, 2024, in the amount of $972,836

56. **Exhibit 5:** Certified appraisals showing the property's fair market value of $18,034,000 in 2022.

**Argument:**

57. Defendants' procedural violations and reliance on void transfers deprived Plaintiffs of possession and title to the Subject Property. A Writ of Assistance is necessary to affirm Plaintiffs' ownership and restore possession.

58. **Relief Sought:** Plaintiffs request issuance of a Writ of Assistance affirming their ownership and restoring possession of the Subject Property.

---

\*
\*
\*
\*

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 33 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 033

## SIXTH CAUSE OF ACTION: INJUNCTIVE RELIEF
## UNDER SECTION 362(a) REQUEST FOR AUDIT AND STAY OF SALE

59. The allegations contained in each of the foregoing paragraphs are repeated and realleged as though fully set forth herein.

60. In addition to granting the injunctive relief pursuant to 11 U.S.C. § 105, the Debtor seeks to extend the automatic stay pursuant to 11 U.S.C. § 362.

61. Section 362(a)(1) of the Bankruptcy Code operates as a stay, "applicable to all entities," of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1).

62. Section 362(a)(3) of the Bankruptcy Code operates as a stay, "applicable to all entities," of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

63. Section 362 has been applied to extend the automatic stay protections to non-debtors.

64. Enforcement actions to executive the Writ of Possession, which is *void ab initio,* has caused immediate and adverse consequences for Debtor and the Plaintiffs and other Creditors.

65. The protection of the automatic stay must be extended to Debtor as well as to the Plaintiffs in order to preserve and protect Debtor's assets, Debtor's estate and Debtor's creditors.

66. Accordingly, the Debtor is entitled to a declaratory judgment extending the automatic stay under section 362 of the Bankruptcy Code to enjoin Defendant from effectuating proceeding legal actions that are *void ab initio*, pertaining to a void transfer of property, in violation of Federal and State Laws as alleged herein.

67. Plaintiffs request an audit of the foreclosure process to verify compliance with California foreclosure statutes and bankruptcy law.

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 34 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 034

## SEVENTH CAUSE OF ACTION: DECLARATORY JUDGEMENT AND ADDITIONAL RELIEF

68. The allegations contained in each of the foregoing paragraphs are repeated and realleged as though fully set forth herein.

**Legal Basis:**

69. This action seeks a declaratory judgment to clarify the legal rights and duties of the parties involved, particularly concerning the ownership and title of the subject property. The request for declaratory relief is grounded in the need to resolve legal uncertainties and disputes resulting from the Defendants' actions. Under California Civil Code § 2924.12(i), borrowers or interested parties may recover attorney's fees if the lender or trustee is found to have violated statutory foreclosure protections.

**Arguments:**

70. The Plaintiffs argue that the court should declare the property transfers and related actions by the Defendants as null and void due to procedural non-compliance and violations of relevant laws. This declaration is necessary to rectify the consequences of unlawful property transfer actions and ensure clarity in the legal status of the property.

71. **Additional Relief Sought:** In addition to the declaratory judgment, the Plaintiffs seek further relief including, but not limited to:

    - An order to correct the public records to reflect the true status of property ownership.
    - Compensation for damages and losses incurred due to the Defendants' actions.
    - Any other relief the court deems just and proper to prevent future similar unlawful activities and to provide full restitution to the Plaintiffs.

72. This comprehensive approach ensures that all facets of the Plaintiffs' legal and equitable rights are addressed, rectifying past harms and preventing future violations.

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 35 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 035

# VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests entry of:

1. **Temporary Restraining Order and Injunction:** substantially in the form attached to Plaintiff's motion [DCN: NM-1] as Exhibit A and Exhibit B, staying, restraining and enjoining Defendant, and its agents, attorney, and all persona acting in concert or participation with the, directly or indirectly, from conductiving and/or participating in the effectuation of any action pertaining to the void transfer perpetrated by the void Trustee Deed Upon Sale recorded September 13, 2024, and enjoining any further sale or transfer of the property, and/or possession of the property, at any other time thereafter without order of this Court and from collecting, or attempting to collect or enforcing or attempting to enforce any debt alleged by Defendant to be owed by Debtor and/or Plaintiffs arising from the Mortgage Note and Deed of Trust pertaining to Proof of Claim Number 1 and 2, or any and all subsequent claims by the Defendants, or its agents, attorneys or persona acting in concert and participation with the Defendants, without first obtaining relief from the automatic stay from this court; and

2. **Declare the Foreclosure Sale Void**: Issue an order declaring the foreclosure sale void due to violations of California Civil Code §2924m and §2924k and other applicable laws, and accordingly restore the title of the Subject Property to the Debtor; and

3. **Issue a Declaratory Judgment**: Enter a declaratory judgment stating that all property transfers and related actions undertaken by the Defendants are null and void due to procedural non-compliance and violations of relevant state and federal laws; and

4. **Grant a Writ of Assistance**: Award a Writ of Assistance to affirm Plaintiffs' ownership and restore their possession of the Subject Property, correcting the effects of unlawful detainer actions based on the void transfer; and

5. **Order Compensation and Corrections**: Direct the appropriate corrections to public records to accurately reflect the true status of property ownership and award

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 36 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 036

damages to Plaintiffs for the financial losses incurred as a result of the Defendants' unlawful action; and

6. **Conduct an Audit and Stay of Sale**: Order an audit of the foreclosure process to ensure compliance with California foreclosure statutes and bankruptcy law, and impose a stay on any further sale or transfer of the Subject Property pending the completion of this audit; and

7. **Grant Additional Relief**: Provide such other and further relief as the Court deems just and proper.

Plaintiffs place their trust in the Court to right the wrongs they have suffered and to restore their legal and equitable rights through the relief requested herein.

---

## VIII. CONCLUSION

In closing, the plaintiffs, Natasha Mora, Cesar Mora, Faizal Awadan, and Shainaz Awadan, respectfully urge this Court to rigorously review the evidential and legal arguments presented throughout this adversary proceeding. The actions that form the basis of this case are not merely procedural oversights but substantial violations of both state and federal laws that have stripped the plaintiffs of their rightful property and inflicted significant financial and emotional distress.

This case highlights systemic failures that have allowed not only an unlawful foreclosure but also subsequent invalid legal actions, all of which have culminated in severe harm to the plaintiffs. By granting the relief sought herein, this Court will not only address the immediate injustices faced by the plaintiffs but will also uphold the integrity and intent of the legal frameworks designed to protect individuals from such predatory and unlawful practices.

The plaintiffs have made a compelling argument for the need to order injunctive relief, set aside the void transfers, to restore their ownership of the property, and to hold the defendants accountable under the law.

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 37 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 037

It is with trust in the fairness and diligence of this Court that the plaintiffs seek a resolution that rectifies the harms done, restores their property and financial standings, and reaffirms the safeguards provided by our legal system against such profound breaches of trust and duty.

Therefore, with respectful resolve, the plaintiffs request that this Court grant all the measures of relief outlined, ensuring justice is served and their legal right to due process and property are fully reinstated.

Respectfully Submitted,

**Natasha Mora, Cesar Mora, Faizal Awadan and Shainaz Awadan**

*Individual Plaintiffs in Pro Se, as Creditors and Equity Stakeholders of Debtor Bula Developments Inc.*

By: *Natasha Mora*
**NATASHA MORA**
Pro Se Plaintiff
Dated: 1/16/2025

By: *Cesar Mora*
**CESAR MORA**
Pro Se Plaintiff
Dated: 1/16/2025

By: *Faizal Awadan*
**FAIZAL AWADAN**
Pro Se Plaintiff
Dated: 1/16/2025

By: *Shainaz Awadan*
**SHAINAZ AWADAN**
Pro Se Plaintiff
Dated: 1/16/2025

**ADVERSARY PROCEEDING**
**Against SBS Trust Deed Network;**
**Black Horse and Fine Capital et. al Complaint for Injunctive Relief and Void Transfer**
**PAGE 38 OF 38**

Adversary Proceeding Doc Set 1 Complaint Page 038