**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

In re:                           )
                                 )
BULA DEVELOPMENTS, INC.          )   Case No. 23-24619-C-11
                                 )
                    Debtor.      )
_____)
                                 )
NATASHA MORA, CESAR MORA,        )   Adv. Pro. 2025-02008
FAIZAL AWADAN, AND SHAINAZ       )
AWADAN,                          )   DCN LRL-1
                                 )
                    Plaintiffs,  )
v.                               )
                                 )
SBS TRUST DEED NETWORK, BLACK    )
HORSE CAPITAL INC., FINE         )
CAPITAL, DANIEL BENSHIMON, TODD  )
BERNSTEIN AS TRUSTEE OF TB TRUST )
DATED MAY 8, 1997, KAREN ALWEIL, )
AND LOVE GMC HOLDINGS, LLC,      )
                                 )
                    Defendants.  )
_____)

**MEMORANDUM ORDER ON SANCTIONS UNDER RULE 9011(c)(2)**

After the Complaint in this Adversary Proceeding was filed
January 17, 2025, by Plaintiffs Natasha Mora, Cesar Mora, Faizal
Awadan, and Shainaz Awadan, Defendants SBS Trust Deed Network
("SBS"), Black Horse Capital Inc. and Fine Capital Investments
served a Motion For Monetary Sanctions Against Plaintiffs For
Violation of Rule 9011 on January 30, 2025, demanding that
Plaintiffs voluntarily dismiss the Complaint ("SBS 9011 Motion").

The bone of contention is the Plaintiffs' collateral attack
on the transfer by foreclosure of real property commonly known as
6389 Castejon Drive, La Jolla, California 92307, owned by chapter
11 debtor Bula Investments, Inc. and the ensuing lockout of the
occupants, Plaintiffs Natasha Mora and Cesar Mora, by order of
the San Diego County Superior Court.

1   The SBS 9011 Motion asserts that the Complaint: (1) was

2   filed for an improper purpose of delay, harassment, or increasing

3   costs; makes unwarranted claims and legal contentions; and rests

4   on allegations and factual contentions lacking evidentiary

5   support. Fed. R. Bankr. P. 9011(b)(1)-(b)(3).

6   After the Rule 9011(c) "safe harbor" period expired without

7   the Complaint having been voluntarily dismissed, the SBS 9011

8   Motion was filed on March 5, 2025.

9   The history of the Bula Developments case, confirms that the

10  Rule 9011 monetary sanctions and non-monetary sanctions are

11  appropriate because there is a pattern of bad faith litigation.

12

13                          Procedural History

14  This adversary proceeding comes with the baggage of earlier

15  decisions, all of which are expressly incorporated here for the

16  benefit of the record for any appellate court that may need to

17  make sense of the issues presented in their appropriate context.

18  The record of federal litigation relating to the battle for

19  6389 Castejon Drive, includes: In re Bula Developments, Inc.,

20  Case No. 23-24619 (Bankr. E.D. Cal.); Mora v. EVO Enterprises,

21  Adv. No. 24-02171 (Bankr. E.D. Cal.); Mora v. Bula Developments,

22  Inc., Adv. No. 24-02173 (Bankr. E.D. Cal); Mora v. Bula

23  Developments, Inc., Adv. No. 24-02175, (Bankr. E.D. Cal.); In re

24  Natasha Nisha Mora, Case No. 25-20575-chapter 13; Mora v. Black

25  Horse Capital, Inc., 2025 WL 255459 (S.D. Cal. 2025); Mora v. SBS

26  Trust Deed Network, Adv. No. 25-02008 (Bankr. E.D. Cal.); Mora v.

27  Marquee Funding Group, Inc., Adv. No. 25-02028 (Bankr. E.D.

28  Cal.); Mora v. EVO Enterprises, Adv. No. 25-02052 (Bankr. E.D.

Cal.).

Among the decisions and orders of this Court and of the U.S. District Court for the Southern District of California so incorporated are:

> (1) Order Denying Motion For Derivative Standing To Pursue Claims On Behalf Of Estate, Adv. No. 2024-02175-C (8/23/2024) Dkt. 48;
> (2) Memorandum On Transfer Under 28 U.S.C. § 1412 and Rule 1014(b) Of Case Pending In Another District (Amended), No. 23-24619-C-11 (2/06/2025) Dkt. 302 (reported at 666 B.R. 922); and
> (3) Order Denying Ex Parte Application To Rescind Postjudgment Lockout, U.S. District Court, Southern District of California, No. 3:25-cv-00017-RBM-AHG (1/23/2025) (SD Cal. Dkt 292) (reported at 2025 Westlaw 255459).

The chapter 11 debtor Bula Developments, Inc. is owned in four equal 25 percent shares by Natasha Mora, her spouse Cesar Mora, and her parents Faizal and Shainaz Adawan. Natasha Mora acts as the person in control.

Bula constructed a luxury home in La Jolla, California, that has been rendered unsaleable by virtue of land subsidence issues following collapse of a retaining wall allegedly attributable to faulty engineering and/or construction.

Unfavorable developments in state court and a looming foreclosure prompted filing of a chapter 11 petition for Bula in the Eastern District of California on December 26, 2023.

Since no attorney signed the Bula petition, notice was issued that the case would be dismissed, converted, or a trustee appointed if a counsel did not promptly enter an appearance.[1]

---

[1] The Clerk of Court accepted the petition out of respect for Rule 5005(a)(1) ("The clerk must not refuse to accept for filing any petition or other paper solely because it is not in the form required by these rules or by any local rule or practice."). A corporation must be represented by counsel. Cf., Rowland v. California Men's Colony, 506 U.S. 194 (1993).

Bula engaged counsel, who eventually sought permission to withdraw because the debtor was not cooperating in performing debtor-in-possession duties. That problem led this court to order appointment of a chapter 11 trustee for cause.

The chapter 11 trustee, who is an experienced chapter 11 lawyer, investigated the case, dealt with all interested parties, and sought financing that would be required in order to make the subject property marketable.

The trustee's report (Bula Dkt 93) related the property had been marketed for two years with no offers. The asking price was $15.8 million (down from $25 million). Interest was accruing at a rate of $110,061 per month. There was an invalid mechanics lien. Necessary site repairs could cost $300,000. Without either a consensual priming lien of at least $300,000 or an agreement by secured creditors to a significant carve-out to fund site repairs (neither of which appeared reasonably in prospect) sale of 6389 Castejon would result in little or no dividend for unsecured creditors, and nothing for equity owners. Hence, there was little likelihood of reorganization.

This Court granted a pending stay relief motion, making a finding of fact that the value of the property was less than the $15,800,000 that had produced no offers (and far less than the $18,034,000 value now asserted by Plaintiffs) and that there was no prospect for an "effective" reorganization. It vacated the automatic stay, thereby enabling the property at 6389 Castejon Drive, La Jolla, California 92037, to be foreclosed by way of a Trustee's Sale.

Separately, in a transaction approved by the Court, the

1  chapter 11 trustee later sold the estate's causes of action

2  arising from the construction and engineering defects that had

3  rendered 6389 Castejon unsaleable.

4      On August 23, 2024, this Bankruptcy Court denied the

5  Plaintiffs' Motion for Derivative Standing to Pursue Claims on

6  Behalf of Bula Developments estate in their adversary proceeding

7  No. 2024-02175. Dkt. 48. The effect was that chapter 11 trustee

8  Dahl retained exclusive authority to act on behalf of the Bula

9  Developments estate. The record for that adversary proceeding is

10 hereby incorporated herein. The Order Denying Derivative Standing

11 was not appealed.

12     The trustee's sale of 6389 Castejon occurred on August 26,

13 2024.

14     On September 8, 2024, attorney Marc Steven Applbaum

15 transmitted a letter ("Formal Notice of Intent to Bid In re:

16 August 26, 2024 Trustee Sale") on behalf of Natasha Mora, Cesar

17 Mora, Faizal Awadan, and Shainaz Awadan attaching an "Affidavit

18 of Compliance with Civ. Code 2924m" with respect to 6389

19 Castejon. He asserted: "In accordance to Ca. Civ. Code 2924m

20 California law, this Notice and Affidavit of Compliance allows my

21 clients 45 days to provide the trustee a bid before the sale will

22 be deemed final." Ex. C to Dkt 73, Adv. No. 2025-02008.

23     Applbaum certified under penalty of perjury in the standard

24 form Affidavit of Compliance, that "At the time of the trustee's

25 sale, all of the eligible tenant buyers were occupying the real

26 property under a rental or lease agreement entered into as the

27 result of an arm's length transaction with the mortgagor or

28 trustor... I have attached evidence of the existence of this

tenancy, including: a copy of the dated and signed rental or lease agreement. ... At the time of the trustee's sale <u>none of the eligible tenant buyers were the mortgagor or trustor or the child, spouse or parent of the mortgagor or trustor</u>..." Ex. C to Dkt 73, Adv. No. 2025-02008 (emphasis supplied).

Applbaum's sworn certification contains two materially false statements. First, the statement the lease agreement was "an arm's length transaction" was untrue. The Moras were simultaneously lessors (as 50% owners of Bula Developments) and lessees. Under no theory is that an "arm's length transaction." Their presence on both sides of the lease transaction disqualified them from status as "eligible tenant buyers." Cal. Civ. Code § 2924m(a)(2)(B).

Second, the statement that at the time of the trustee's sale none of the putative eligible tenant buyers were trustor and child, spouse or parent of a trustor was untrue. The Moras as putative tenant buyers were trustors, along with Natasha's parents the Awadans in their capacity as the four sole owners and officers of trustor Bula Developments. Thus, they suffered from all four of the § 2924m(a)(2)(C) relationship disqualifications: trustor, child, spouse, and parent. Cal. Civ. Code § 2924m(a)(2)(C).

In other words, the Plaintiffs had no § 2924m right to bid for 45 days after the sale.

The Trustee's Deed Upon Sale was recorded September 13, 2024, in the Official Records of the San Diego County Recorder as Doc. # 2024-0246585.

Unlawful Detainer proceedings ensued in San Diego County

Superior Court with respect to 6389 Castejon as Black Horse Capital v. Bula Developments Inc, No. 24UD012825C.

Natasha Mora and Cesar Mora defended against the unlawful detainer on the theory that Civil Code § 2924m afforded them as lessees a right to bid within 45 days after the trustee's sale.

The Superior Court rejected the Moras' claims on the merits, including their § 2924m claims, as invalid by order entered December 16, 2024. That conclusion was logical since it is apparent on the face of the lease that the Moras as the Bula Developments owners acted as trustors and simultaneously were lessor and lessee. In short, they flunked multiple black-letter threshold prerequisites for § 2924m post-sale bidding.

The Superior Court ordered the Sheriff to proceed with enforcement of the writ of possession, which would be accomplished by a so-called "lockout."

On December 30, 2024, Plaintiff Natasha Mora filed an emergency writ of mandamus with the California Court of Appeal, Fourth District, which request the Court of Appeal denied the same day.

The next day, December 31, 2024, Natasha Mora filed chapter 13 case, No. 24-04961, in the Southern District of California, for the purpose of interposing the bankruptcy automatic stay.

On January 6, 2025, Natasha Mora, represented by Applbaum, filed in U.S. District Court, Southern District of California, a Complaint alleging one cause of action under the Fourteenth Amendment Due Process Clause, coupled with an Ex Parte Application to Rescind Postjudgment Lockout. Case No. 3:25-cv-00017-RBM-AHG.

On January 17, 2025, Natasha Mora, Cesar Mora; Faizal Awadan; and Shainaz Awadan, acting pro se, filed in this Bankruptcy Court a Complaint commencing this Adversary Proceeding No. 2025-02008 within the Bula Developments chapter 11 case. The Complaint alleges seven counts: (1) Injunction § 105(a); (2) & (3) Set aside Transfer under § 549 (two counts § 2924m); (4) Void State Court Unlawful Detainer Judgment and related State Court orders; (5) Writ of Assistance restoring Plaintiffs to possession per Federal Rule of Civil Procedure 70(d), as incorporated by Federal Rule of Bankruptcy Procedure 7070; (6) Injunction under § 362(a); (7) Unspecified Additional Relief. Three of the counts are expressly premised on various subsections of California Civil Code § 2924.

On January 23, 2025, the District Court, construing its Case No. 3:25-cv-00017-RBM-AHG as being in the nature of an appeal from the state court's final unlawful detainer judgment, denied Natasha Mora's Application to Rescind Postjudgment Lockout.

The District Court noted that a California unlawful detainer judgment and writ of possession bestow legal title and all rights of possession (including equitable possessory rights) on the prevailing party. Cal. Code Civ. P. §§ 415.46 & 1161a; Eden Place, LLC. v. Perl (In re Perl), 811 F.3d 1120, 1130 (9th Cir. 2016).

The District Court concluded that federal jurisdiction over the January 23 Complaint was lacking by virtue of the so-called Rooker-Feldman doctrine that prohibits federal suits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings

1  commenced and inviting district court review and rejection of

2  those judgments." <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>,

3  544 U.S. 280, 284 (2005); <u>Carmona v. Carmona</u> 603 F.3d 1041 (9th

4  Cir. 2010).

5     The District Court warned the parties of the potential for

6  sanctions when it suggested Applbaum and his clients had violated

7  Rule 11 in three respects: (1) not making an inquiry reasonable

8  under the circumstances to confirm legal contentions are

9  warranted under law; (2) needlessly increasing litigation costs;

10  and (3) improper purpose of delay. The District Court warned that

11  sanctions could loom in future cases:

12     (1) Plaintiff's attempts to obtain possession of the
       Property have been rejected numerous times by different

13     courts, including the Bankruptcy Court, San Diego Superior
       Court, and the California Court of Appeal. ... This calls

14     into question whether Plaintiff's counsel conducted "an
       inquiry reasonable under the circumstances" to confirm their

15     legal contentions were warranted under law;

16     (2) The Bankruptcy Court has previously observed
       Plaintiff's "unclean hands" and found Plaintiff intended to

17     "delay in order to continue living rent-free in the property
       as long as possible. ... The Court warns Plaintiff that a

18     legally meritless complaint could expose Plaintiff and
       Plaintiff's counsel to sanction or referral to the State Bar

19     of California for violation of his Rule 11 obligations; and

20     (3) The circumstances surrounding Plaintiff's similar
       filings before state and federal courts suggests Plaintiff

21     may have filed this action in federal court for an improper
       purpose. Rule 11(b) makes clear that an intent to cause

22     unnecessary delay is an improper purpose.

23  <u>Mora v. Black Horse Capital Inc.</u>, 2025 WL 255459, Slip op. at 5-6

24  (S.D. Cal. 2025).

25     On January 24, 2025, this Bankruptcy Court invoked Federal

26  Rule of Bankruptcy Procedure 1014(b), issuing an order to show

27  cause why Mora's chapter 13 case filed December 31, 2024, should

28  not be transferred to the Eastern District of California and

1  ordered the parties not to proceed until the question is decided.

2  On January 30, 2025, the SBS 9011 motion was served on

3  Plaintiffs. At that point, the Plaintiffs knew what the District

4  Court had ruled on January 23, 2025. They knew what the District

5  Court had said about potential Rule 11 sanctions. And, they knew

6  that by January 31, 2025, they were required to show cause why

7  the District Court action should not be dismissed.

8  On February 6, 2025, this court, in a published decision,

9  ordered, pursuant to 28 U.S.C. § 1412 and Rule 1014(b), that the

10  Natasha Mora chapter 13 case be transferred to the Eastern

11  District of California. In re Bula Developments Inc., 666 B.R.

12  922 (Bankr. E.D. Cal. 2025).

13  The Natasha Mora chapter 13 case was designated as No. 2025-

14  20575-C-13 upon transfer to Eastern District of California.

15  On February 24, 2025, Plaintiff Faizal Awadan (Natasha

16  Mora's father) signed "pro se" and had notarized a Notice Of

17  Pending Action (Lis Pendens) with the San Diego County Recorder

18  pursuant to California Code of Civil Procedure § 405.20 based on

19  Adversary No. 2025-02008. The Lis Pendens was recorded in San

20  Diego County on February 28, 2025, and filed in this Court's No.

21  2025-02008 on March 10, having been served by Natasha Mora on

22  March 4, 2025. Dkts. 31-32. The Lis Pendens was invalid because

23  this Court did not approve the filing as required by California

24  Code of Civil Procedure § 405.21 for a Lis Pendens not signed by

25  an attorney. This Court has ordered expungement of the Lis

26  Pendens.

27  In her chapter 13 case, Natasha Mora did not comply with any

28  of her responsibilities under chapter 13: (1) failed to file a

chapter 13 plan; (2) failed to provide to the Chapter 13 Trustee payment advices, tax returns, valid identification, proof of social security number; (3) failed to file Schedules, Statement of Financial Affairs, Statement of Current Monthly Income, Calculation Disposable Income; (4) failed to appear at the Meeting of Creditors.

The Natasha Mora chapter 13 case was dismissed for cause on April 16, 2025, on the motion of the Chapter 13 Trustee. In addition to not complying with chapter 13 duties, she did not appear at the hearing on dismissal. This Court has found that Natasha Mora filed the chapter 13 case with no intention of seeking the adjustment of her debts. Rather, it was a frivolous attempt to thwart a "lockout" by the Sheriff enforcing a writ of possession based on a final judgment on the merits by California Courts of competent jurisdiction. The Ninth Circuit holds that in such circumstances a debtor has no legal or equitable interest in property. Perl, 811 F.3d at 1130.

To the extent the pattern of litigation is probative of the Rule 9011 issues Natasha Mora and her three co-Plaintiffs in this Adversary Proceeding No. 2025-02008 to which the SBS 9011 Motion applies, filed on April 23, 2025, a new Adversary Proceeding No. 2025-02052 attacking the chapter 11 trustee's court-approved sale of the estate's causes of action for engineering and construction defects. The theories are fraudulent transfer under 11 U.S.C. § 548 and the Uniform Voidable Transfer Act, California Civil Code § 3439. In deciding the SBS 9011 Motion, this Court will limit its assessment of the No. 2025-02052 only for the limited purpose of the fact that it illustrates a pattern of litigation

1  and not for any other purpose.

2

3                                    I

4                              <u>Rule 9011</u>

5      The SBS 9011 Motion seeks sanctions, for reasonable

6  attorney's fees and other expenses, after having complied with

7  the Rule 9011(c)(2) 21-day "safe harbor" provisions. The record

8  establishes that the Motion was served on the Plaintiffs on

9  January 30, 2025, and was filed on March 5, 2025, more than 21

10 days after having been served upon Plaintiffs.

11     As the Plaintiffs neither withdrew, nor corrected, the

12 Complaint before the SBS 9011 Motion was filed, monetary

13 sanctions are permitted.

14     This Court later granted the SBS Motion to Dismiss the

15 Complaint for reasons stated in a separate memorandum filed

16 May 1, 2025. Dkt. 162.

17                                   A

18     Rule 9011(b), as restyled, in 2024 provides:

19          (b) Representations to the Court. By presenting to the
            Court a petition, pleading, written motion, or other
20          document — whether by signing, filing, submitting, or later
            advocating it — an attorney or unrepresented party certifies
21          that to the best of the person's knowledge, information, and
            belief formed after an inquiry reasonable under the
22          circumstances:
            (1) it is not presented for an improper purpose, such
23          as to harass, cause unnecessary delay or needlessly increase
            litigation costs;
24          (2) the claims, defenses or other legal contentions are
            warranted by existing law or by a nonfrivolous argument to
25          extend, modify, or reverse existing law, or to establish new
            law;
26          (3) the allegations and factual contentions have
            evidentiary support — or if specifically so identified, are
27          likely to have evidentiary support after a reasonable
            opportunity for further investigation or discovery; and
28          (4) the denials of factual contentions are warranted on
            the evidence — or if specifically so identified are

                                   12

1  reasonably based on a lack of information and belief.
2  Fed. R. Bankr. P. 9011.

3  Because the four Plaintiffs are self-represented, they
4  personally are responsible for compliance with Rule 9011 and bear
5  the risks associated with noncompliance.

6

7                                    B

8  The SBS 9011 Motion alleges the Complaint was filed for an
9  improper purpose that includes unnecessary delay and needlessly
10  increasing litigation costs.

11

12                                    1

13  The SBS 9011 Motion focuses on the allegations in Complaint
14  paragraph 16. The allegation in Complaint Exhibit 2 is that a
15  copy of the Moras' lease from Bula Developments was included in
16  the Notice of Intent to Bid transmitted by Attorney Applbaum
17  dated September 8, 2024. The assertion that a copy of the lease
18  was included makes a difference because, if true, it could
19  support the Plaintiffs' theory more clearly alleged in Complaint
20  paragraphs 10-12 that the Plaintiffs were erroneously denied the
21  opportunity to redeem the foreclosed property pursuant to
22  California Civil Code § 2924m.

23  If the lease was omitted from the Notice of Intent to Bid,
24  then the notice would have been incomplete and arguably would
25  have not triggered post-sale bidding rights under § 2924m.

26  The only admissible evidence on that point is proffered by
27  SBS. This Court believes that the probabilities, in light of the
28  false statements in Applbaum's Affidavit described in the

procedural history section of this decision, favor the SBS
position that the lease was omitted from the Notice of Intent.
Applbaum likely recognized that including a copy of the lease
would fatally impeach his representations regarding eligibility
to bid.

If the lease had been attached to the Notice of Intent, it
would have been apparent that the Moras have no rights under
§ 2924m because they are disqualified by the black-letter terms
of that statute from being "eligible tenant buyers" on three
independent grounds. It was not an "arm's length" lease as
required by Cal. Civ. Code § 2924m(a)(2)(B). The Plaintiffs were
also ineligible as "tenant buyers" because they were the trustors
through their control as sole officers and shareholders of Bula
Developments. Cal. Civ. Code § 2924m(a)(2)(C). Nor were they
"prospective owner occupants" because they were disqualified by
virtue of being trustor or child, spouse, or parent of trustor.
Cal. Civ. Code § 2924m(a)(1)(C)(i), (ii), iv, and (v).

The quarrel, however, over whether the lease was omitted
from the Notice of Intent to bid is largely a red herring
distracting from SBS's larger assertion of improper purpose.

This ineligibility for the protections of § 2924m is so
obvious on the face of the lease as to render frivolous the
Complaint's allegations of denial of rights that did not exist
and supports the SBS assertion of improper purpose.

In short, the answer to whether a copy of the lease was
included cannot change the fact that the Plaintiffs have no
bidding or redemption rights under § 2924m.

2

A filing is frivolous if it is "both baseless and made without a reasonable and competent inquiry." <u>Townsend v. Holman Consulting Corp.</u>, 929 F.2d 1358, 1362 (9th Cir. 1990)(en banc). Here, no reasonable and competent inquiry would have led anyone, including any lay person not trained in law, to believe that § 2924m created any bidding rights for the Plaintiffs.

Moreover, as explained in this Court's May 1, 2025, Order dismissing the Complaint for lack of standing, lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted, the state court unlawful detainer judgment is issue preclusive under rules of res judicata with respect to § 2924m and claim preclusive as to all other § 2924 issues asserted in the Complaint.

A bankruptcy filing is made for an improper purpose if filed to harass or to cause unnecessary delay or needless increase in the cost of litigation. <u>In re Silberkraus</u>, 336 F.3d 864, 870 n.5 (9th Cir. 2003), <u>citing</u> <u>Marsch v. Marsch (In re Marsch)</u>, 36 F.3d 825, 830 (9th Cir. 1994).

The Procedural History set forth earlier in this decision evinces a distinct pattern of unnecessary delay and of needless increase in cost of litigation.

The recording by Plaintiffs of the Notice of Pendency of Action (Lis Pendens) pursuant to California Code of Civil Procedure § 405.20, and the filing of that Lis Pendens in this adversary proceeding likewise was an exercise in harassment with the purpose of improperly and intentionally clouding title. The Notice of Pendency is void on its face because it was signed by

"Faizal Adawan pro se" but was recorded and filed by Natasha Mora without the approval by a judge as required by Cal. Code Civ. P. § 405.21. Any lay person can understand § 405.21: "A notice of pendency of action shall not be recorded unless ....(b) it is signed by a party acting in propria persona and approved by a judge as provided in this section." The Lis Pendens is also subject to expungement for failure to establish "probable validity." Cal. Code Civ. P. §§ 405.3 & 405.32. In short, the Lis Pendens was made, recorded, and filed without reasonable and competent inquiry for, this Court finds, the purpose of harassment and delay in violation of Rule 9011(b).

The assessment of the two frivolity factors — baseless and improper purpose — is considered on a sliding scale where the more compelling the showing as to one element, the less decisive the need for the showing as to the other. <u>Silberkraus</u>, at 870; <u>Marsch</u>, at 830. Here the showings are powerful on both counts.

This Court is persuaded that the Complaint, especially in the context of the procedural history of the battles over 6389 Castejon, was baseless, for an improper purpose, and in violation of Rule 9011(b)(1).

3

The Complaint also violates Rule 9011(b)(2) because the claims and other legal contentions are not warranted by existing law.

This Court has previously determined that the Plaintiffs lack standing to assert claims on behalf of Bula Developments.

The Moras' lease viewed through the prism of § 2924m reveals

no basis for any form of relief for them.  Their claims lack
substantive merit.

The claims are also barred by the rules of res judicata,
including issue preclusion regarding the validity of the
foreclosure and unlawful detainer in the face of allegations
based on § 2924m. The issues were actually and necessarily
litigated. Claim preclusion applies to block litigation with
respect to other § 2924 issues. The state court's final judgment
adverse to the Plaintiffs is not subject to being upset by what
amounts to a de facto appeal in federal court.

Nor is it clear that this Court has subject-matter
jurisdiction over this lawsuit. While avoiding post-petition
transfers is a trustee avoiding power, the Plaintiffs lack
standing to prosecute such an action. Without standing,
jurisdiction depends on whether the outcome "could conceivably
have an effect on the estate being administered in bankruptcy."
Great W. Savings v. Gordon (In re Fietz), 852 F.2d 455, 457-59
(9th Cir. 1988). It is not certain there could be such an effect.


D

This Court is persuaded that the conduct of the Plaintiffs
described in the Procedural History set forth above has been
conducted intentionally, in bad faith, and with a contemptuous
attitude toward the judicial system.


II

Remedy

A Rule 9011 sanction is limited to what suffices to deter

17

repetition of the conduct or deter comparable conduct by others similarly situated. Fed. R. Bankr. P. 9011(c)(4)(A).

Such sanctions may include a nonmonetary directive, an order to pay a penalty into court, or if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of all or part of the reasonable attorney's fees and other expenses resulting from the motion. Fed. R. Bankr. P. 9011(c)(4)(A).

A

As the SBS 9011 Motion is made under Rule 9011(c)(2), this Court may award to the prevailing party reasonable expenses and attorney's fees incurred in presenting the motion if warranted for effective deterrence. Fed. R. Bankr. P. 9011(c)(2)(C) & (c)(4)(A)(iii).

This Court is persuaded that reasonable attorney's fees and expenses resulting from the violation are warranted for the purpose of effective deterrence. Accordingly, that aspect of the SBS 9011 Motion will be GRANTED, jointly and severally against all four Plaintiffs. Reasonable attorney's fees shall be determined by separate motion.

B

This Court is also persuaded that a nonmonetary directive is needed to deter repetition of the Plaintiffs' conduct and of comparable conduct by others similarly situated.

The record indicates that the Mora's litigation offensive regarding 6389 Castejon Drive began in 2022 in Superior Court of

18

California, County of San Diego Case No. 37-2022-00041470-CU-BC-CTL when Bula Developments filed a cross-complaint alleging work by EVO Enterprises, Inc., was defective and untimely.

When in December 2023 the state court announced its intention to rule in favor of EVO, and with a foreclosure looming, the Bula Developments chapter 11 case was filed in this Court by Natasha Mora on December 26, 2023. See In re Bula Developments, Inc., 666 B.R. 922, 924 (Bankr. E.D. Cal. 2025).

The ensuing federal litigation has included the following: In re Bula Developments, Inc., Case No. 23-24619 (Bankr. E.D. Cal.); Mora v. EVO Enterprises, Adv. No. 24-02171 (Bankr. E.D. Cal.); Mora v. Bula Developments, Inc., Adv. No. 24-02173 (Bankr. E.D. Cal); Mora v. Bula Developments, Inc., Adv. No. 24-02175, Bankr. E.D. Cal.); In re Natasha Nisha Mora, Case No. 25-20575-chapter 13; Mora v. Black Horse Capital, Inc., 2025 WL 255459 (S.D. Cal. 2025); Mora v. SBS Trust Deed Network, Adv. No. 25-02008 (Bankr. E.D. Cal.); Mora v. Marquee Funding Group, Inc., Adv. No. 25-02028 (Bankr. E.D. Cal.); Mora v. EVO Enterprises, Adv. No. 25-02052 (Bankr. E.D. Cal.).

Filings such as the Lis Pendens stunt of recording without having obtained the required approval of the court have been in abject bad faith.

Enough is enough. The offending litigation has already lasted nearly three years, having commenced in 2022 and migrated to federal court in 2023.

A nonmonetary sanction in the form of imposing a prefiling review requirement for a finite period is appropriate. Such a sanction must be sufficient to deter repetition of the conduct

1  and to deter comparable conduct by others similarly situated.

2  Fed. R. Bankr. P. 9011(c)(4)(A).

3      This Court has broad discretion in determining the sanctions

4  to impose so long as they are fair, supported by evidence, and

5  reasonable. Rocha v. Fiedler (In re Fiedler), 654 B.R. 787, 796-

6  97 (Bankr. E.D. Cal. 2023), aff'd, 2024 WL 2137356 (9th Cir. BAP

7  2024), aff'd, 2025 WL 1219007 (9th Cir. 2025); DeLuca v. Seare

8  (In re Seare), 515 B.R. 599 (9th Cir. BAP 2014).

9      In the discretionary judgment of this Court, deterrence of

10 repetition of the offending conduct by the Plaintiffs and others

11 similarly situated would be served by a two-year prefiling

12 requirement.

13     The prefiling requirement is that the plaintiffs must obtain

14 permission of this Court or of the Chief Bankruptcy Judge,

15 Eastern District of California, before filing any new case or

16 adversary proceeding in any federal court venue within two years

17 of the date this order is entered on docket. Their attention is

18 directed to the power of this bankruptcy court under Rule 1014(b)

19 to control the venue of related case filings, as was exercised in

20 the instance of Natasha Nisha Mora's chapter 13 case. In re Bula

21 Developments, Inc., 666 B.R. 922 (Bankr. E.D. Cal. 2025).

22

23                                    C

24     In addition, this Court specifically warns the Plaintiffs

25 that future transgressions of Rule 9011 will invite an Order to

26 Show Cause why the transgressors should not pay a penalty,

27 potentially an eye-opening penalty, into court. Fed. R. Bankr. P.

28 9011(c)(4)(A)(ii).

1　　　Future transgressions of the prefiling requirement will be
2　treated as contempt.

3

4　　　IT IS ORDERED:

5　　　First, the Motion for Sanctions under Rule 9011 made by
6　Defendants SBS Trust Deed Network, Black Horse Capital Inc. and
7　Fine Capital is GRANTED;

8　　　Second, Defendants SBS Trust Deed Network, Black Horse
9　Capital Inc. and Fine Capital shall recover from Plaintiffs
10　Natasha Mora, Cesar Mora, Faizal Awadan, and Shainaz Awadan,
11　jointly and severally reasonable attorney's fees and other
12　expenses directly resulting from their violations of Rule
13　9011(b); and,

14　　　Third, on pain of contempt for violation, Natasha Mora,
15　Cesar Mora, Faizal Awadan, and Shainaz Awadan must obtain
16　permission from this Court or from the Chief Bankruptcy Judge,
17　Eastern District of California, before filing any new case or
18　adversary proceeding in any federal court in any venue within two
19　years of the date this order is entered on docket.

20　　　SO ORDERED.

21

22　Dated: May 07, 2025

23

24

25　　　　　　　　　　　　　　　　United States Bankruptcy Judge

26

27

28

21