**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

```
In re:                            )
                                  )
BULA DEVELOPMENTS, INC.           ) Case No. 23-24619-C-11
                                  )
                                  )
                  Debtor.         )
_____)
                                  ) Adv. Pro. 2025-02008-C
NATASHA MORA, CESAR MORA,         )
FAIZAL AWADAN, AND SHAINAZ        ) DCN LRL-2
AWADAN,                           )
                                  )
                  Plaintiffs,     )
v.                                )
                                  )
SBS TRUST DEED NETWORK, BLACK     )
HORSE CAPITAL INC., FINE          )
CAPITAL, DANIEL BENSHIMON, TODD   )
BERNSTEIN AS TRUSTEE OF TB TRUST  )
DATED MAY 8, 1997, KAREN ALWEIL,  )
AND LOVE GMC HOLDINGS, LLC,       )
                                  )
                  Defendants.     )
_____)
```

**MEMORANDUM ON MOTION TO EXPUNGE LIS PENDENS**

The Defendants SBS Trust Deed Network (SBS), Black Horse Capital Inc. and Fine Capital Investments move to expunge the Notice of Pendency of Action (Lis Pendens)("NOPA"), DOC # 2025-0052319, which was recorded February 25, 2025 and filed March 10, 2025, in this Court in connection with the January 17, 2025, Complaint for Injunctive Relief and to Void Transfer filed by Plaintiffs Natasha Mora, Cesar Mora, Faizal Awadan, and Shainaz Awadan.

<u>Facts</u>

The NOPA was signed by Plaintiff "Faizal Adawan, Pro Se" on February 24, 2025 and notarized the same day.

The NOPA was not approved by this judge of the court in which the subject action is pending.

The NOPA was recorded with the San Diego County Recorder on February 28, 2025, and on March 10, 2025 was filed and served by Plaintiff Natasha Mora in the U.S. Bankruptcy Court, Eastern District of California, in Adversary Proceeding No. 2025-02008. Dkts 31-32.

The NOPA asserts that an action has been commenced and is pending in the U.S. Bankruptcy Court for the Eastern District of California that affects title to real property in San Diego County, described as Lot 86 of Muirlands Crest Unit No. 2, in the City of San Diego, State of California, According to Map Thereof No. 3345, Filed in the office of the County Recorder of San Diego County on December 27, 1955, Assessor's Parcel No. 352-512-03-00, commonly known as 6389 Castejon Drive, La Jolla, CA 92037.

The "claimants" are the four Plaintiffs in Adversary Proceeding No. 2025-02008, Natasha Mora, Cesar Mora, Faizal Awadan, and Shainaz Awadan.

Defendants SBS Trust Deed Network; Black Horse Capital Inc.; and Fine Capital Investments filed a Motion to Expunge Lis Pendens on March 19, 2025. Dkts 43-45.

The Plaintiffs opposed the Motion to Expunge in filings made April 3, 2025. Dkts 97-98.

The Defendants contend the NOPA should be expunged because the Plaintiffs have no standing to assert claims made on behalf of the bankruptcy estate, that there is no subject-matter jurisdiction, and, incorporate their Motion to Dismiss Complaint in support of expungement.

1　　　　The subject Adversary Proceeding was dismissed by order
2　entered May 1, 2025, granting Defendants' motion. Dkt 162.

#### Title 4.5, California Code of Civil Procedure Controls

　　　The controlling statute regarding Notice of Pendency of Action is Title 4.5, California Code of Civil Procedure ("Recording Notice of Certain Actions").

　　　The NOPA procedure starts with definitions at § 405.1 through § 405.8. The Recordation Service and Filing provisions are § 405.20 through § 405.24. Expungement and Other Relief provisions are § 405.30 through § 405.39.

　　　Title 4.5 applies in an action pending in any United States District Court in the same manner as in the courts of the State of California. Cal. Code Civ. P. § 405.5. This Bankruptcy Court is a "unit" of the United States District Court for the Eastern District of California. 28 U.S.C. § 151.

　　　The "claimants" are the four aforenamed Plaintiffs in Adversary Proceeding No. 2025-02008. Cal. Code Civ. P. § 405.1.

　　　The "claimants" assert causes of action that would, if meritorious, affect title or the right to possession of the subject real property. Cal. Code Civ. P. § 405.4. As will be explained, the causes of action are NOT meritorious.

#### NOPA is Invalid for Failure to Obtain Court Approval

　　　The NOPA does not comply with § 405.21, which requires that a NOPA, if not signed by an attorney of record (there is so such attorney in this case), must be approved by a judge of the court in which the real property claim is pending. Cal. Code Civ. P.

§ 405.21 The undersigned judge of the court in which the action is pending did not approve the NOPA.

If the San Diego County Recorder actually recorded the NOPA on February 28, 2025, such recording is invalid as having violated the third sentence of § 405.21: "A notice of pendency of action shall not be recorded unless (a) it has been signed by the attorney of record, (b) if it is signed by a party acting in propria persona and approved by a judge as provided in this section, or (c) the action is subject to § 405.6 [eminent domain]." Cal. Code Civ. P. § 405.21.

The action is not an eminent domain case subject of § 405.6, there is no attorney of record in this case, the signatory Plaintiff Faizal Adawan signed "pro se" (i.e. in propria persona), but the undersigned judge of the court in which the action was then pending did NOT approve the NOPA.

The procedure for expungement is governed by Cal. Code Civ. P. § 405.30. The parties defendant to the action pending in this court have applied for expungement.

A claimant must establish by preponderance of evidence the "probable validity" of the real property claim. Cal. Code Civ. P. § 405.32. The court "shall order that the notice be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim. Id.

"Probable validity" with respect to a real property claim means that it is more likely than not that the claimant will obtain a judgment on the claim. Cal. Code Civ. P. § 405.3.

Claimant has not established "probable validity" of claim

The "probable validity" is nil. The Complaint in this action was dismissed by order of this Court entered May 1, 2025. Adv. No. 2025-02008, Dkt 162.

The first reason for dismissal was that the Plaintiffs lack standing to assert seven alleged causes of action for which the chapter 11 trustee of Bula Developments, Inc., has exclusive standing. The Plaintiffs' Motion for Derivative Standing was previously denied by this Court.

The second stated reason for dismissal was that there is no defect in the foreclosure on account of California Civil Code § 2924m because the Plaintiffs do not qualify as "eligible tenant buyers" and "eligible bidders" under that statute.

The third stated reason for the dismissal was that prior final unlawful detainer decisions on the merits by the Superior Court of California, for the County of San Diego, rejecting the Plaintiffs' objections to eviction and lockout rendered the validity of the foreclosure issue preclusive and claim preclusive under California law.

Finally, there was no federal subject-matter jurisdiction over the dispute between Plaintiffs and Defendants. The dispute does not "arise under" and does not "arise in" a case under Title 11, United States Code. Moreover, it is not "related to" the pending case under Title 11 because the outcome could have no conceivable effect on the Bula Developments, Inc., estate being administered under Title 11. 28 U.S.C. § 1334(b); Celotex Corp. v. Edwards, 514 U.S. 300, 308 (1995); Fietz v. Great W. Savings (In re Fietz), 852 F.2d 455, 457 (9th Cir. 1988).

In the now-dismissed action in this court, the Plaintiffs were making an illegitimate bad-faith collateral attack on a final judgment of the state court of competent jurisdiction and, also in bad faith, were attempting to hijack the rights of the bankruptcy trustee in the chapter 11 case of Bula Developments, Inc.

In sum, the "claimants" have NOT established by preponderance of evidence the "probable validity" of their real property claim. Cal. Code Civ. P. § 405.32.

It follows that the application for expungement embodied in the Motion to Expunge Lis Pendens will be GRANTED in a separate order.

## Attorney's Fees and Costs

Attorney's fee and costs are authorized in favor of the prevailing party "unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust." Cal. Code Civ. P. § 405.38.

The NOPA was filed and presented for recording by Plaintiffs acting in bad faith in an illegitimate collateral attack on a final judgment of the California Superior Court, County of San Diego, regarding the legitimacy of a foreclosure, unlawful detainer, and attendant eviction proceedings.

The Plaintiffs' opposition to the Motion to Expunge contains multiple false or materially inaccurate statements. For example, it is asserted that the sale was "conducted post-petition, without relief from the automatic stay and without court

6

approval." Plaintiffs' Memorandum at page 4. To the contrary, this judicial officer of the District Court granted relief from the bankruptcy automatic stay and authorized the foreclosure. The Plaintiffs' assertion in this respect is a straightforward sanctionable violation of Federal Rule of Bankruptcy Procedure 9011 and borders on contempt. At a minimum, it evidences bad faith.

In light of the bad faith of the claimants, this court concludes that the claimants did not act with substantial justification.

This court concludes, also in light of the bad faith of the claimants, that no circumstances make the imposition of attorney's fees and costs unjust.

\*\*\*

A separate order will be issued ordering expungement of the NOPA and authorizing award of attorney's fees and costs in favor of the Defendants to be established by separate motion.

Dated: May 07, 2025

_____
United States Bankruptcy Judge